NO. 07-09-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 13, 2009
______________________________

CAROLINA FUENTES TENORIO, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 222nd DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-07L-205; HON. ROLAND SAUL, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Carolina Fuentes Tenorio (appellant) attempts to overturn her conviction for theft
of property valued between $1500 and $20,000 because no evidence purportedly supports
her conviction. We affirm.
Â Â Â Â Â Â Â Â Â Â The record illustrates that appellant and two other women were arrested for stealing
goods from Walmart. Their modus operandi involved entering the store, finding an item
contained in a large box, removing the item from the box, substituting other items for that
removed, re-sealing the box, paying the cashier for the item previously removed, and then
leaving the store with the other goods hidden in the box but for which she did not pay. No
one disputes the cost of the substituted items at bar equaled $3036.34. That appellant
paid something to the Walmart cashier is also undisputed. Nowhere in the record does the
amount actually paid to the cashier appear. And, because the amount is not so reflected
in the record and because she was allegedly entitled to an offset equal to that unknown
amount, appellant believes that the evidence was legally insufficient to establish that the
theft encompassed property valued between $1500 to $20,000. We overrule the
contention for several reasons.
Â Â Â Â Â Â Â Â Â Â First, and as previously mentioned, the record illustrates that the items appellant
placed in the box totaled $3036.34. That amount falls between $1500 and $20,000. 
Consequently there is some evidence of record upon which a rational jury could conclude,
beyond reasonable doubt, that appellant stole items valued between $1500 and $20,000.
Â Â Â Â Â Â Â Â Â Â Second, we cannot hold that the $3036.34 sum appearing of record is meaningless
simply because the State did not present evidence of the amount appellant handed the
cashier. This is so due to various passages contained in Â§31.08(d) of the Texas Penal
Code. According to that statute, 
[i]f the actor proves by a preponderance of the evidence that he gave
consideration for or had a legal interest in the property or service stolen, the
amount of the consideration or the value of the interest so proven shall be
deducted from the value of the property or service ascertained under
Subsection (a), (b), or (c) to determine value for purposes of this chapter.

Tex. Penal Code Ann. Â§31.08(d) (Vernon 2003) (emphasis added).
Furthermore, the passages we deem of import here are those which we italicized. The one
stating âif the actor provesâ obviously places upon the thief (i.e. the defendant) the burden
to establish that some âconsiderationâ was given. Admittedly, it alone does not explain the
extent of the defendantâs burden. But, we are prohibited from plucking words from the
statute and reading them in a vacuum. Rather, authority obligates us to read and interpret
the statute as a whole. Ramos v. State, 264 S.W.3d 743, 750 (Tex. App.âHouston [1st
Dist.] 2008, no pet.). And, in doing so here, we see that the legislature followed the
passage âif the actor proves . . . he gave considerationâ with another stating that âthe
amount of consideration . . . so proven shall be deducted.â When read together, one
cannot but reasonably deduce that the latter serves as a modifier of the former. Simply
put, the words âamount . . . so provenâ define what the legislature intended for the âactorâ
to prove, and that was (and is) the amount or value of the consideration given.


 So, the
actorâs burden is twofold. Not only must he proffer some evidence that consideration was
given but also some evidence of the amount or value of that consideration. And, we see
nothing in the statute which permits a court to shift that burden to the State. 
Â Â Â Â Â Â Â Â Â Â Thus, appellant was obligated to proffer evidence illustrating how much
consideration she gave to the Walmart cashier, not the State as she contends. Since she
failed in that regard, no offset existed that could be used to illustrate that the items stolen
had a value other than $3036.34 or to otherwise place the value of the stolen items outside
the $1500 to $20,000 range. 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Consequently, we affirm the judgment of the trial court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Publish.

Â Â 




e"
 UnhideWhenUsed="false" Name="Colorful List Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









   NO. 07-10-0165-CR

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR
THE SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
B

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  SEPTEMBER
24, 2010

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DAVID
HERNANDEZ,

Â 

Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS,

Â 

Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _________________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM
THE 46th DISTRICT COURT OF WILBARGER COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO.
10,179; HON. STUART MESSER, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On
Motion to Dismiss

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

Appellant David Hernandez, by and through his
attorney, has filed a motion to dismiss his appeal because he no longer desires
to prosecute it.Â  Without passing on the
merits of the case, we grant the motion to dismiss pursuant to Texas Rule of
Appellate Procedure 42.2(a) and
dismiss the appeal.Â  Having dismissed the
appeal at appellant=s request, no motion for rehearing
will be entertained, and our mandate will issue forthwith.

Â 

Do
not publish.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
CuriamÂ Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â